Commonwealth *v*. Pennsylvania Loan Corporation, Appellant.

Argued March 3, 1937.

Before KELLER, P. J., CUN-

NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James Rutherford,* of *Rutherford, Rutherford & Rutherford,* for appellant.

*A. Emerson Howell,* with him *J. Wilson Ames,* District Attorney, for appellee.

OPINION BY JAMES, J., July 15, 1937.

Appellant was convicted and sentenced upon an indictment containing two counts. The first count charged that in violation of the Small Loan Act of June 17, 1915, P. L. 1012, and its supplements, it charged fees and other charges in addition to the 3½ per cent per month as allowed by said act; and in the second count that it attempted to collect such fees and charges.

Appellant, a Pennsylvania corporation, was licensed, under the Act of 1915, to loan money in amounts up to $300 at an interest rate of 3½ per cent per month. On September 23, 1929 it loaned Royal Buckingham and Jane, his wife, the sum of $225, secured by a judgment note bearing interest at the rate of 3½ per cent per month, "with ten per cent added for collection fees." Judgment was entered on October 3, 1930 in the Court of Common Pleas of Wayne

County to No. 303, June Term, 1930, for the face of the note with interest from September 23, 1929, costs, and ten per cent collection fees. Payments amounting to $340 were made on the note. By praecipe of Chester A. Garratt, appellant's attorney, writs of fi. fa. and sci. fa. were issued and served upon Royal Buckingham. On the same day he went to appellant's office and requested a statement of how much he owed. At the direction of B. L. Hobert, treasurer of the corporation, a statement was prepared upon the stationery of appellant and delivered to Buckingham by Robert Hobert, president of the corporation, which showed the total amount due, as of February 11, 1936, to be $357.99, which included a loan balance of $150.73, interest, $170.71, sheriff's and prothonotary's costs and the following item: "Atty. Fee (Garratt) $25 & $3.....$28.00". B. L. Hobert testified that the items as to sheriff's costs, prothonotary's costs and attorney's commission were obtained by telephone from the sheriff's clerk; that he called Garratt, who cut down the attorney's fee to $25; and that the only instructions given by him to Garratt were to revive the note, and no instructions were given to issue an execution. Garratt testified that in his judgment, it was advisable to issue the fi. fa. and the sci. fa.

In its charge the court used the term "costs" in the sense of "fees, fines or other charges," as contained in the act and instructed the jury that sheriff's costs and prothonotary's costs were not such additional costs as were prohibited by the act; but that an attorney's commission is such an additional cost, as it enures to the benefit of the present defendant.

The principal question raised by this appeal is whether the attorney's fee for collection is a fee, fine or other charge in violation of the Act of 1915.

The Act of 1915, as amended by the Act of June 4, 1919, P. L. 375, §2, 7 PS §755, authorizes any corpora-

tion that shall obtain a license as provided by the act, to loan money in sums of three hundred dollars or less and "to charge the borrowers thereof, for its use or loan interest at a rate not to exceed three and one half (3½) per centum per month. *No fees, fines, or other charges, either in addition to or as a part of the above specified interest, shall be charged or collected under any pretext whatsoever."* (Italics supplied). By section 6, every corporation that shall violate any provision of this act, or shall direct or consent to such violation, shall be guilty of a misdemeanor. In construing this act, we said in *Com. v. State Loan Corp.,* 116 Pa. Superior Ct. 365, 371, 176 A. 516: "An act of assembly of this character should receive an interpretation favorable to the borrower, and its provisions should not be permitted to be waived by any alleged agreement of an embarrassed debtor."

There is no law in Pennsylvania to warrant the payment, as costs in the cause, of the fees of counsel for professional services, or of the value of the time bestowed, or the amount of expenses incurred by a party in its preparation and trial: *Winton's Appeal,* 87 Pa. 77; *Kauffmann v. Kirker,* 22 Pa. Superior Ct. 201; but it has been repeatedly held that in a written instrument for the payment of money a provision that the creditor shall recover a certain percentage as commissions to the attorney, who is retained by him to collect the debt, is valid. This commission does not belong to the attorney, but to the creditor. It cannot be collected as costs, but must be included in the judgment: *Daly v. Maitland,* 88 Pa. 384, (and cases therein cited). Such attorney's commissions are rather in the nature of penalties than of liquidated damages, and may be reduced in the discretion of the court: *Daly v. Maitland,* supra; *Lindley v. Ross,* 137 Pa. 629, 20 A. 944; *Wilson et al. v. Ott et al.,* 173 Pa. 253, 34 A. 23.

Appellant in its brief has recited, at some length, the

ingenious subterfuges to evade the usury laws employed by lenders of money, prior to the adoption of the Act of 1915. Recognizing these evils, the legislature passed the act, in which it enacted, in no doubtful or uncertain language, that those who desired to loan money at the liberal interest rate of 3½ per centum per month— seven times greater than permitted for the usual loan— could not, under any pretext whatsoever, charge or collect any additional fee, fine or other charge. How the language of the statute could be more comprehensive, it is difficult to conceive. For the ordinary loan, a reasonable fee for the appraisal of collateral offered would be proper, but such fee by a licensee under the act would be a violation, if the interest fixed by the act was charged. So an attorney's commission for collection would be proper in the ordinary loan, but such commission, in addition to the 3½ per cent rate allowed by the act, is a fee, fine or other charge in violation of the act; it enures to the benefit of the lender, and becomes a part of the principal debt. In our construction of this act, we should maintain the protection provided by it to prevent any subterfuge by which the small-loan borrower is mulcted with any additional fee, fine or other charge except such costs as are fixed by law. Upon default in payment of a note given under this act, the lender is not entitled to charge or collect anything other than the money loaned, plus interest at the rate of 3½ per centum per month and legal costs. Any fees of counsel incurred in its collection should be borne by the lender just as other litigants are required to bear in the preparation and trial of suits. In our opinion, the attorney's fee was a charge in violation of the statute.

Assignment of error one relates to the introduction of the statement prepared and delivered by the officers of the corporation to Royal Buckingham. This was the gist of Commonwealth's case to establish that appellant

had attempted to collect additional charges in violation of the act. This assignment is overruled.

Assignment two complains of the introduction of an amicable revival, which appellant's officers had attempted to have the Buckinghams execute, containing an item of $1.75 as costs, being a filing fee of the original judgment. In view of the court's ruling that the prothonotary's costs were not a charge in violation of the statute, appellant suffered no harm. Assignment three is to the introduction in evidence of the praecipes for appearance by counsel, and for the writs of sci. fa. and fi. fa. This proof was also a part of an orderly presentation of Commonwealth's case.

We find no reversible error in the court charging that the purpose of the act was to provide a means whereby a certain class of improvident debtors might be able to obtain small loans "without proper security or guarantors"; whereas, the act provides that loans may be made "either with or without security." No exception was taken to the error at the close of the charge, nor was it raised on the motion for a new trial. Appellant stresses the point that the only violation charged was the attempt to collect the commission. The act prohibits both the collecting and the charging of any fees, fines or other charges in addition to or as part of the specified interest.

Appellant earnestly argues that the Commonwealth failed to present sufficient evidence to warrant a conviction. Conceding that originally appellant's officer had not authorized the issuing of an execution by its attorney, the evidence fully warranted the jury in finding that the acts of the attorney were acquiesced in by the president and the treasurer of appellant corporation. The treasurer knew that the attorney's commission was charged in the writs, as he received the information from the sheriff's clerk, and he included this commission in the statement submitted to the husband

debtor, and also discussed the matter with the attorney, who directed the execution, as a result of which the fee was reduced to $25. The truth of his explanation that the attorney's commission was added because it was charged in the sheriff's office was for the jury. The testimony fully warranted the verdict of guilty under the indictment.

The assignments of error are overruled and the judgment is affirmed.