Martin, Appellant, v. Danko et al.

Argued November 11, 1940. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ. 

The facts are stated in the opinion of the lower court, by CARR, J., as follows:

A collector of county and township taxes has filed this petition for a declaratory judgment against a resident taxpayer and his employer, asking us to determine the right of the collector to demand, collect, and receive from the employer under the terms of the Act of June 20, 1939, P. L. 508, 72 PS 5544.1 per capita and occupation taxes owing by the employee for the years from 1932 to 1939, inclusive, except the years 1934 and 1938. On December 30, 1939, the collector presented to the employer a written notice that one of its employees, named therein, owed the taxes, and demanded that it deduct from his wages and pay over to the collector the amount thereof. The employer refused to comply with the demand, challenging its validity and denying liability. All the facts alleged are admitted by the answers, and all parties have joined in the prayer for a decree.

The controversy involves the following questions for decision:

(a) whether the taxes for 1939 were delinquent at the time of demand;

(b) whether the collector has authority under the terms of the act to demand of the employer the payment of delinquent taxes of the years prior to 1939; and

(c) whether the content of the notice and demand presented to the employer was sufficient.

### Findings of Fact

1. Asa L. Martin, plaintiff, is and has been continuously since the first Monday of January, 1926, the duly elected, qualified, and acting tax collector of North Union Township.

2. Joseph Danko, defendant employee, is and has been continuously since 1931 a resident taxable of North Union Township, and is and has been continuously since before the time of notice and demand mentioned in our fourth finding employed by H. C. Frick Coke Company, defendant employer, at its Phillips plant in said township.

3. By official and proper tax duplicates and collector's warrants, the plaintiff was, during the years hereinafter stated, duly charged and authorized to collect per capita and occupation taxes lawfully levied and assessed against the defendant employee, as follows:

| Year | Per Capita Tax | | Occupation Tax | |
| | School | Road | County | Total |
|------|--------|------|--------|-------|
| 1932 | $2.50 | $1.00 | $1.40 | $4.90 |
| 1933 | 2.50 | .50 | 1.40 | 4.40 |
| 1935 | 1.00 | .60 | 1.40 | 3.00 |
| 1936 | 1.00 | .60 | 1.40 | 3.00 |
| 1937 | 1.00 | .65 | 1.40 | 3.05 |
| 1939 | 1.00 | .65 | 1.40 | 3.05 |
| Total | $9.00 | $4.00 | $8.40 | $21.40 |

4. On December 30, 1939, the plaintiff, not having received payment of the taxes shown in our third finding, presented to the defendant employer the following writing:

"NOTICE TO H. C. FRICK COKE COMPANY

The following names are those of persons who owe per capita and occupation tax in North Union Township who are employed by you at Phillips Mines. This is your notice to deduct from their wages and pay me

the amounts set opposite their names, as provided by Act No. 277, 1939.

Asa L. Martin,
Tax Collector.

Joseph Danko, Uniontown, Pa., R. D. 4, Phillips, $21.40."

5. The defendant employer has refused to deduct said taxes from the wages of the defendant employee and to pay the amount thereof to the plaintiff, and denies the plaintiff's asserted right to require it to do so.

6. An actual controversy exists between the parties hereto, antagonistic claims are present between them which indicate imminent and inevitable litigation in respect to the asserted liability of the defendant employer for the unpaid taxes of a large number of its employees, and we are satisfied that our declaratory judgment will serve to terminate the controversy giving rise to this proceeding.

### Discussion

The Act of June 20, 1939, P. L. 508, 72 PS 5544.1, et seq., is entitled: "An act defining the rights, powers and duties of collectors of county ...... city ...... borough, town, township, school district and institution district taxes; providing for the collection of such taxes by suit, distraint, and lien and sale of the chattels of taxables and of tenants on the real estate affected, and from employers of delinquent taxables," etc.

Section 1(c) provides for the collection from employers of per capita and occupation taxes owing by an employee, upon presentation of a written notice and demand containing the name of the taxable and the amount due. Upon presentation of such written notice and demand, it is made the duty of the employer to deduct from the wages, commissions, or earnings of the employee then owing or becoming due within sixty days thereafter, a sum sufficient to pay the tax, and to

pay it over to the collector of the taxing district in which the delinquent taxable resides, less a bookkeeping charge not exceeding two per cent of the amount, within sixty days from the date of the notice. Upon failure of the employer so to do, there is imposed upon him a forfeit of the amount of the tax, together with a penalty of ten per centum, to be recovered in an action of assumpsit instituted by the collector or the taxing authorities.

As the statute affects employers of delinquent taxables only, our first inquiry must be of the time when per capita and occupation taxes become delinquent. It is a settled rule of law that all taxes become due and payable from the moment that those having authority to levy them take the necessary action to do so: *Ellis v. Houseknecht*, 57 Pa. Superior Ct. 55; *Jefferson County v. Mayo*, 19 D. & C. 435; and ordinarily the collector is accountable for the entire amount of his duplicate after three months from its delivery to him: *Com. for use of Fayette County v. Perry*, 330 Pa. 355; and see Section 49 of the Act of April 15, 1834, P. L. 509, 72 PS 5701, repealed as to township taxes only. In all cases, however, prior to the Act of 1939, the collector's right to enforce payment during the calendar year in which the taxes were levied was conditioned upon a previous demand upon the taxpayer for payment. Only in the event of the taxpayer's failure or refusal to pay within the prescribed period after demand, was any adverse proceeding against him authorized to be instituted before the end of the current tax year. It seems to follow that the taxpayer's delinquency within the year, necessarily involving a presently enforcible obligation, was established when, but not before, he had failed to pay within the period of grace allowed after the collector's demand. The pleadings in the instant case do not show that any demand was made upon the defendant employee: see *Van Meter et al. v. Moore*, 30 D. & C. 459, 464.

The foundation of the present method of collecting

county, township, and school taxes is the Act of April 15, 1834, P. L. 509, Sections 20 and 33 whereof, 72 PS 5621 and 53 PS 18791, provide for the issue to the collector of warrants with duplicates, authorizing and requiring him to demand and receive from every person in such duplicates named the sum wherewith such person stands charged; and Section 21 of this Act, 72 PS 5641, makes it the duty of the collector to levy such amount by distress and sale of the goods and chattels of any "delinquent" who shall neglect or refuse to make payment of the amount due for such tax within thirty days from the time of demand so made. The remedies afforded by the Act of 1834, originally applying to county taxes, were subsequently extended to the collection of school and township taxes, and remain in effect: *Van Meter et al. v. Moore,* supra.

As to the per capita school tax, sections 557 and 558 of the Act of May 18, 1911, P. L. 309, as amended by the Act of May 11, 1921, P. L. 508, Sections 8 and 9, 24 PS 636 and 637, permit the collector, in case any resident or inhabitant of the school district neglects or refuses to pay his tax after having received ten days' notice or demand to do so, to request and require the employer by whom such "delinquent" taxpayer is employed to pay the employee's tax out of any money then due and owing or thereafter to become due and owing such "delinquent" taxpayer. This remedy, heretofore applicable only to delinquent school taxes, is made available by the Act of 1939 for the collection of both per capita and occupation taxes.

In our view the Act of 1939, which does not repeal any of the earlier consistent legislation, was not intended to do away with the necessity for a demand upon the taxpayer as a prerequisite to the establishment of his delinquency. While it is true that Section 1(c) does not repeat the requirement of demand for payment contained in Subsection (a), still Subsection (c), as well as the preamble of the Act, makes the remedy

against the employer applicable only to "delinquent" taxables, and contains no other provision upon which delinquency within the year can be predicated.. Accordingly, it seems to us that the section must be read as a whole, and we must hold that delinquency on the part of the defendant employee for 1939 taxes did not exist at the time of presentation of the claim to the defendant employer, shown in our fourth finding.

Our next question is whether Section 1(c) of the Act of 1939, supra, is to be given a retroactive effect and held to apply to the collection of taxes for years prior to 1939. Section 56 of Art. IV of the statutory construction act, approved May 28, 1937, P. L. 1019, 46 PS 556, provides that no law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature. The general rule long has been that legislation is to be construed prospectively, especially when it varies not merely remedies but existing obligations. Here the Act imposes upon the employer a new and distinct obligation and duty, at least with respect to occupation taxes, and renders it liable to answer in a personal action for a forfeiture and penalty, but contains no language that would warrant the construction that the legislature intended it to have a retroactive effect. To give it such would violate not only the statutory construction act, but also principles too well established to be disregarded: *Barnesboro Borough v. Speice* 40 Pa. Superior Ct. 609. We conclude that Section 1(c) of the Act of 1939 applies only to current and future taxes.

Finally, we have the question of the sufficiency of the content of the notice and demand required to establish the liability of the employer to deduct and pay over the delinquent tax. The Act prescribes "a written notice and demand containing the name or names of the taxable or taxables, and the amounts respectively due." In this context "notice" we think means explicit information of the material facts necessary to impose

liability upon the employer under the terms of the statute. While it needs no particular form of words, the notice should be sufficiently clear and definite to enable the employer to examine and investigate the claim and determine whether it is correct or not.

Since the communication shown in our fourth finding contained no specification of the years for which taxes were due, or any intimation of the delinquency of the employee, either by reason of a failure or refusal to pay after the requisite demand or otherwise, and indeed, did not expressly state that the employee was a resident of the township or that the taxes demanded were owed by him, the employer was not given with reasonable precision and certainty the information to which it was entitled in order to be in a position to assure itself of its right and duty to deduct the amount demanded from the employee's wages and pay it over to the collector. Important rights and liabilities cannot be created in a haphazard way. Statutory remedies beyond those provided by the common law are to be strictly construed, both as to the cases within their terms and the methods to be pursued: *Langenheim et al. v. Anschutz-Bradberry Co.*, 2 Pa. Superior Ct. 285; *Willson v. Canevin*, 226 Pa. 362.

Declaratory Judgment.

And now, March 14, 1940, it is ordered, adjudged, and decreed:

1. That per capita and occupation taxes levied and assessed for the year 1939 against the defendant employee were not delinquent on December 30, 1939 within the meaning of the Act of June 20, 1939, P. L. 508, 72 PS 5544.1 et seq., no previous demand having been made by the plaintiff upon the defendant employee for the payment thereof.

2. That Section 1(c) of the Act of June 20, 1939, supra, is not retroactive, and the remedies therein provided may not be invoked by a collector of taxes against

an employer for the collection of taxes levied and assessed against an employee for the years prior to 1939.

3. That the content of the notice and demand presented by the plaintiff to the defendant employer was insufficient to require it to deduct from the wages of the defendant employee or to pay over to the plaintiff any part of the taxes demanded.

4. That no forfeit or penalty is recoverable by the plaintiff from the defendant employer by reason of its refusal to comply with the notice and demand presented to it by the plaintiff.

5. That the plaintiff pay the costs of this proceeding.

The prothonotary is directed to give notice of this declaratory judgment to the parties or their counsel, and if no exceptions are filed within ten (10) days, the same shall become final and be so entered.

Plaintiff appealed.

*C. W. Martin,* for appellant.

*Buell B. Whitehill, of Whitehill & Lane,* for appellee.

PER CURIAM, January 30, 1941:

The judgment of the court below as to the right of the plaintiff tax collector to demand, collect and receive from the defendant employer, under section 1(c) of the Act of June 20, 1939, P. L. 508, 72 PS sec. 5544.1(c), the taxes due by an employee of the defendant for the years 1932, 1933, 1935, 1936, 1937 and 1939, is affirmed on the clear and convincing opinion of Judge CARR.