Lackawanna Thrift & Loan Corporation, Appellant, *v.* Kabatchnick et al.

Argued March 5, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Francis D. Mahon,* for appellant.

*Norman Harris,* of *Nogi, Harris & Nogi,* for appellee.

OPINION BY HIRT, J., June 30, 1941:

This appeal involves a construction of the Small Loans Act of June 17, 1915 as amended by the Act of June 4, 1919, P. L. 375, under which plaintiff was duly licensed as a broker.

On June 13, 1933 defendants gave plaintiff their note for $250 with interest at the rate of 3½% monthly, payable in twelve and one-half months. On April 13, 1940 plaintiff entered judgment thereon for $310 plus an attorney's fee of 10% and issued attachment execution summoning the First National Bank of Scranton as garnishee. The note contained a warrant authorizing confession of judgment for that amount with the following recital: "being the amount of this note with interest at 2% per month for the period of one year, *together with an Attorney's fee of ten per centum thereof for collection* ......" Defendants' rule to strike off the judgment so entered was made absolute and this appeal followed. Section 2 of the above act, after authorizing a charge for interest at a rate not exceeding 3½% per month provides: *"No fees, fines, or other charges,* either in addition to or as a part of the above specified interest, shall be charged or collected under any pretext whatsoever." (Italics added).

The act is designed to provide relief "to individuals pressed by lack of funds to meet immediate necessities." Ordinarily, only those without financial credit will find it necessary to borrow money from the Small Loan Broker and to undertake to pay interest at the almost prohibitive rate legalized by the statute. The financially responsible, and those without property who enjoy the reputation of being good moral risks, usually find it possible to borrow money in small amounts at normal commercial rates. Because of the adverse credit risks assumed by the Small Loans Broker, his losses are necessarily high and the legislature undoubtedly authorized interest charges as high as 3½% per month to insure the broker a fair return on his money after ab-

sorbing his losses on uncollectible notes. The changing rate of interest in the successive acts of assembly indicates an effort on the part of the legislature to make the business no more profitable than is necessary to attract brokers who, because of an allowable interest rate commensurate with the risks, will be willing to loan money to those who are unable to borrow elsewhere.

In the ordinary written instrument for the payment of money, a provision that the creditor shall recover a certain percentage of the debt for the payment of an attorney fee for collection is valid. But the addition is never regarded as costs for it is included in the judgment, as a part of it, to be collected by the creditor and not by the attorney. *Daly v. Maitland,* 88 Pa. 384. The act in question, however, prohibits charges in addition to the allowable interest and the prohibition cannot be evaded by the execution of a note or other special agreement providing for an additional payment of an attorney fee. "An act of assembly of this character should receive an interpretation favorable to the borrower, and its provisions should not be permitted to be waived by any alleged agreement of an embarrassed debtor:" *Com. v. State Loan Corp.,* 116 Pa. Superior Ct. 365, 176 A. 516. "Upon default in payment of a note given under this act, the lender is not entitled to charge or collect anything other than the money loaned, plus interest at the rate of $3\frac{1}{2}$ per centum per month and legal costs. Any fees of counsel incurred in its collection should be borne by the lender just as other litigants are required to bear in the preparation and trial of suits": *Com. v. Penna. Loan Corporation,* 127 Pa. Superior Ct. 253, 193 A. 141. In that case a licensed Small Loan Broker attempted to collect a 10% attorney's fee from a borrower in addition to the maximum interest allowed by law. In affirming defendant's conviction of a violation of the act in that case, we necessarily held that the attorney's commission was a

"fee, fine or other charge" within the meaning of the act.

In the note in question the judgment clause authorized the entry of judgment at any time for the principal of the note with interest for one year at the rate of but 2% monthly, together with a 10% collection fee. The reasons for the confession of judgment for only that specific amount and for the reduction of the rate of interest in the judgment clause, from the rate of 3½% monthly, are not apparent, but they cannot affect the result. We are not impressed by the argument that the amount of interest for one year computed at 2% per month plus the 10% attorney's fee is less than the amount of the interest for the same period at 3½% monthly and that plaintiff is within the law in attempting to recover on its execution an amount less than the maximum allowed as interest by the act. This contention overlooks the fact that the act prohibits the collection of fees or other charges under the guise of, and "as part of the above specified interest." On the entry of judgment the interest charge was limited to 2% per month by the terms of the judgment clause; the collection fee, therefore, was a charge in addition to the collectible interest.

Since the judgment as confessed includes a "fee" or "charge," in addition to interest, expressly prohibited by the act, it follows that the judgment is a nullity. So strong is public policy generally against evasion of the various small loan acts that in a number of jurisdictions it is the law that under circumstances similar to those in the instant case the contract itself is null and void and the lender is barred from collecting even the principal sum. *Consolidated Plan of New Jersey, Inc. v. Shanholtz et al.*, 7 N. J. M. 876, 147 A. 401; *G. Nicotera Loan Corporation v. Gallagher*, 115 Conn. 102, 160 A. 426; *Smetal Corporation v. Family Loan Co.*, 119 Fla. 497, 161 So. 438. While such is the apparent intended effect of our own amending Act of 1937, P. L. 989, §2, 7 PS §759, the only question here involved is the validity of

the judgment entered against defendants. By the addition of an attorney fee, the judgment is so tainted with illegality as to be void on its face. It follows that the action of the lower court in striking it off was proper.

Judgment affirmed.