THOMAS RIMPOTTI et al., Plaintiffs, *v.* HOUSEHOLD FINANCE CORPORATION, Defendant.*

Supreme Court, Special Term, New York County, March 8, 1943.

*Irwin Slater* for plaintiffs.

*John C. McDermott* for defendant.

WALTER, J. Plaintiffs here seek to have declared void and cancelled a note and chattel mortgage given upon the making of a loan to them by defendant, a lender licensed under article

* Revd. 266 App. Div. 778.

IX of the Banking Law. The loan was to be repaid in twelve monthly instalments. By section 353 of the Banking Law defendant was required to deliver, at the time the loan was made, a statement " showing in clear and distinct terms the amount and date of the loan and of its maturity, the nature of the security, if any, for the loan, the name and address of the borrower and of the licensee, and the agreed rate of charge;  *  *  *.'' Violation of that requirement renders the contract of loan void. (Banking Law, § 358.) The question presented is whether or not the statement which defendant delivered complied with the statutory requirement.

The statement so delivered contains the following: "If default is made in any payment, then *at the option of Household Finance Corporation,* the whole amount of the loan then unpaid may at once become due and payable.'' (Italics supplied.) The note and chattel mortgage provide that upon default in any payment the entire unpaid balance shall become due *at the option of the holder of the note.* The note is negotiable, and the contention pressed is that the date of the maturity of a loan, the maturity of which may be accelerated at the option of any holder of such a note, is not clearly and distinctly shown by a statement which says that its maturity may be accelerated at the option of the lender and original payee.

I must accept as settled for this court the proposition that under the requirement that the statement show the date of maturity it must show the contingencies upon which the stated maturity may be accelerated (*Di Nome* v. *Personal Finance Co.,* 265 App. Div. 1047; *Laham* v. *Domestic Finance Corp.,* 265 App. Div. 1047. See also, *Atta* v. *Bergin,* 120 Conn. 152), and also that inadvertent failures to comply with the statute are as fatal to the validity of the contract of loan as intentional failures. (*Reich* v. *Railroad Employees' Personal Loan Co.,* 265 App. Div. 1047.) The question here thus narrows down to the inquiry whether a statement, that upon default in one payment maturity of the entire loan will follow at the option of the payee of a negotiable note, is a clear and distinct statement that it will follow at the option of any subsequent holder thereof.

In nearly all connections, whether in statute or contract, I think it would be taken for granted that a right inhering in the payee of a negotiable note inheres also in any subsequent holder of that note, and that in nearly all connections a statement of such right as inhering in the payee would be regarded as a sufficient indication that it inheres in subsequent holders also.

It must be remembered, however, that the particular statute here involved was enacted for the express purpose of protecting a class of people recognized by the Legislature as knowing little or nothing of negotiability, payees, or subsequent holders; and as the evident intent of the statute is that persons borrowing under its provisions shall be supplied with a clear and distinct statement of when they are called upon to pay, I do not feel at liberty to say that that intent is carried out by a statement that compels them to infer that because a right to accelerate maturity exists in a specifically named person it exists or may exist also in other persons of whom they never heard and with whom they never dealt.

Whether, on the whole, good or evil will result from declaring loan contracts void because of inadvertent failures to comply with highly technical requirements is a question for the Legislature and not the court.

The other questions raised do not impress me as substantial, but in view of the conclusion reached it is unnecessary to consider them.

Plaintiffs' motion for judgment is granted, without costs. Settle judgment accordingly.