Monroe Loan Society of Pennsylvania *v.*
Morello, Appellant.

Argued December 11, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD. JJ.

*William F. Fox,* with him *Fox & Fox,* for appellant.

*Robert Trucksess,* for appellee.

OPINION BY RENO, J., March 4, 1947:

This is an appeal from the refusal of the court below to strike off a judgment entered upon a confession contained in a note executed June 10, 1931, by defendant, and delivered to appellee's assignor, both small loans licensees. The judgment covered the unpaid principal and interest calculated in accordance with terms of the note and the statute to which reference will be made. The note contained a warrant to enter judgment "for the above sum . . . with 15% added for collection fees." No collection fees were claimed, and none included in the amount of the judgment. Appellant contends that, because the note provided for a collection fee, it is void, even though no attempt has been made to collect the fee.

The case is governed by the Small Loans Act of June 17, 1915, P. L. 1012, as amended by the Act of June 4, 1919, P. L. 375, which allows a licensee under it to lend sums not in excess of $300 and to charge interest at the maximum rate of $3\frac{1}{2}\%$ per month. It also provides: "No fees, fines, or other charges, either in addition to or as a part of the above specified interest, shall be *charged* or *collected* under any pretext whatsoever." (Emphasis added.)

Construing the statute, this court has held that a judgment entered upon a small loans note which includes a collection fee is a nullity, and will be stricken off. *Lackawanna Thrift & Loan Corp. v. Kabatchnick,* 145 Pa. Superior Ct. 52, 20 A. 2d 903. Charging or collecting an attorney's commission is a misdemeanor under

§6, and a conviction has been sustained where the collection fee was calculated in assessing the amount of the judgment upon which an execution was issued. *Com. v. Penna. Loan Corp.*, 127 Pa. Superior Ct. 253, 193 A. 141. In those cases the collection fee was actually *charged* by including it in the amount of the judgment. In the instant case a collection fee was stipulated in the note, but it was not included in the judgment, and it does not appear that any demand for its payment, or an attempt to collect it, was ever made in any form. The cases cited above invalidate the judgment only, and do not declare the contract void.

"Charged" imports more than a stipulation, an agreement, or a unilateral promise to pay. It connotes, at the least, the debiting of an amount due, or, more certainly, an act by the promisee constituting or implying a demand for its payment, e. g., its inclusion in a statement of indebtedness submitted to the debtor or in an assessment of the amount of a judgment. Until there is manifested the intention to enforce the promise to pay a collection fee, it cannot be said that the fee has been "charged". Until the promisee commits an overt act, the fee is chargeable, but not charged. Because it has been contracted for, the fee is a *charge* that can be made, but until made it has not been *"charged"*.[1]

---

[1] Charge, v.: 4. To set or state as a price or sum due; ask or require as compensation; demand; . . . 5. To set down or record something as due from or delivered to or for, or to be paid or accounted for by; hold responsible for the payment or return of something; debit; . . . Funk & Wagnall's Standard Dictionary.

Charge, v.: 12. To subject to a pecuniary charge or liability; to impose or furnish as a charge; to make liable for. . . . 13. To fix or demand as a price; to set a price on; . . . 14. To place something to the account of as a debt; to debit; . . . Also, to enter upon the debit side of an account; as, to charge a sum to one. Webster's Dictionary.

Charge, v.: To demand a price; ask payment; also, to make a debit, as in an account; . . . the imposition of such a liability . . . an entry of something due, as in an account. New Century Dictionary.

The amending Act of May 28, 1937, P. L. 989, §2, 7 PS §759, provides: "C. No loan of the amount or value of three hundred ($300) dollars or less for which interest, discount fees, charges or consideration greater than six per centum (6%) per annum has been charged, *contracted for,* or received, except as authorized by this act, wherever made, shall be enforced in this Commonwealth, and the borrower shall not be required to pay any principal, interest or charges whatsoever. This provision shall not apply to loans legally made in any state which then has in effect a regulatory small loan law similar in principle to this act." (Emphasis added.) Referring to that provision, this court intimated in the *Kabatchnick* case (p. 55), that "the apparent intended effect of" the amendment was to render the contract itself null and void and debar the lender from collecting even the principal sum. The cases decided in other jurisdictions, referred to by Judge HIRT, were based upon statutes which prohibited not only charging and receiving more than the stipulated interest, but also *contracts for* more than the principal and interest.

The 1937 amendment was enacted after the execution of the note in suit, and it contains no provision clearly manifesting a legislative intent that it shall operate retroactively. Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556. A retroactive statute must always be strictly construed. Id. §58(2), 46 PS §558. Verbs in the past tense cannot of themselves render a statute retrospective, though their use in connection with the word "heretofore" might have that effect. 59 C. J., Statutes, §691. Moreover, since the effect of construing the amendment retroactively would render void, not only the judgment, but also *contracts* which heretofore had been held valid as to the principal and interest, the constitutional prohibition against the impairment of the obligation of contracts would be impinged. Const., Article I, §17. Where two constructions can be placed upon a statute, one of which will render

it constitutional and the other unconstitutional, the former construction must be invoked. *Fid.-Phila. Trust Co. v. Hines,* 337 Pa. 48, 10 A. 2d 553; *Martin v. Danko,* 143 Pa. Superior Ct. 106, 18 A. 2d 324. It follows that where a retroactive construction would impair the obligation of a contract, the statute must be held to operate only prospectively. The 1937 amendment does not govern this case.

Order affirmed.