CREDIT FINANCE SERVICE, Inc., a
corporation, Appellant,

v.

Charles D. ABLE, Jr., and Ida C. Able,
Appellees.

No. 1878.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 22, 1956.

Decided Dec. 6, 1956.

Joseph Luria, Washington, D. C., with whom William R. Lichtenberg and Frank Paley, Washington, D. C., were on the brief, for appellant.

Edward L. Genn, Washington, D. C., for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This case involves the rights and liabilities of a lender who has charged excessive interest under a Maryland small loan statute which declares that such overcharge renders the loan contract void.

Appellant Credit Finance Service loaned $300 to Mr. and Mrs. Able and took their note bearing interest at 3 per cent per month, as permitted by the Maryland statute. After making five payments borrowers complained to lender that excessive interest had been charged and was being charged to them. Later, lender replied by letter and admitted that it had "inadvertently" made an overcharge of 72 cents.

This action was brought by the loan company against the borrowers for a balance of $243.35 allegedly due on the note. Borrowers defended on the ground that the loan had been rendered void by the unlawful interest charges and in a counterclaim they demanded the return of $100.80 they had paid on the note.

Plaintiff's manager testified that his company employed cross-check or auditing clerks to examine the entries previously made by other clerks, and he explained how the entries had been calculated. The trial court found that the overcharges were not made willfully or intentionally, but ruled that the legal effect was to render the loan contract void. Judgment was entered disallowing plaintiff's claim and ordering return to defendants of the amount they had paid on the note. Plaintiff appeals.

The Uniform Small Loan Act of Maryland provides in part:

"If interest, or charges in excess of those permitted by this Article shall be charged, contracted for, or received, the contract of loan shall be void and the licensee shall have no right to collect, or receive any principal, interest or charges whatsoever." Flack, Annotated Code of Maryland, 1951, article 58A, § 16(b).

The question is whether under the language of the statute just quoted, when the making of an illegal interest charge is brought to light, inadvertence may be regarded as a valid excuse.

Courts have used strong and sometimes indignant language in denouncing usurers and invalidating usurious transactions generally. They have been particularly alert in the protection of borrowers from small loan companies which, operating under special statute like the one we are here considering, are permitted to charge high rates of interest. The decisions have recognized that when lenders are author-

ized by statute to take high interest charges from small borrowers an important social problem becomes involved which courts are to watch with a vigilant eye. Thus in Maryland it has been held that:

> "* * * the whole trend of modern thought is that the reasonably adequate protection of the borrower in such cases can only be afforded by regulation. * * * It was to mitigate rather than eradicate the evils incident to the business and to afford to the borrower the greatest practicable measure of protection that the act was passed. It is therefore remedial in its nature, and should be construed liberally to effect its purpose." Liberty Finance Co. v. Catterton, 161 Md. 650, 158 A. 16, 17.

In our own jurisdiction it has been strongly stated that every consideration of public policy suggests that a contract made in violation of such a law should be unenforceable under the general rule "* * * that an illegal contract, made in violation of a statutory prohibition designed for police or regulatory purposes, is void and confers no right upon the wrongdoer." Hartman v. Lubar, 77 U.S.App.D.C. 95, 133 F.2d 44, 45. And, dealing specifically with this very Maryland statute, this court has ruled that an unlawful interest charge results in voiding the contract and disentitles the lender to any recovery. Consumers Credit Service v. Craig, D.C.Mun.App., 75 A.2d 525; and see cases there cited.

██ The specific question as to whether this type of contract is rendered void when an overcharge is inadvertent or unintentional has seemingly not been decided in Maryland. Elsewhere courts have expressed differing views on the subject. We list in the margin several cases, some of which deal with overcharges and others with different types of violations of small loan statutes.[1] We would be lengthening this opinion unduly if we attempted a dissection of these various opinions, or an exposition of their reasoning and statutory backgrounds. Our decision is that under the Maryland statute, once an overcharge has been established, mistake or inadvertence is no defense. We base our decision on the considerations already stated and also on the following grounds:

(1) The statute, as appellant concedes, is remedial in purpose and must be given a liberal construction.

(2) This means that courts should extend their protection as far as they reasonably and practically can to borrowers in this class.

(3) It seems clear that it was the legislative intent to provide such protection by declaring void every contract under which unlawful interest is charged.

(4) The Maryland legislature could have, but did not, provide that good faith should be a valid defense and that overcharges made by mistake should not invalidate the contract.[2]

---

1. Bailey v. Williams, 155 Ga. 806, 118 S.E. 354; Broce v. Master Loan Service, Inc., 171 Ga. 22, 154 S.E. 324; Hennessey v. Personal Finance Corporation, 176 Misc. 201, 26 N.Y.S.2d 1012; Rimpotti v. Household Finance Corporation, 179 Misc. 544, 40 N.Y.S.2d 171, reversed 266 App.Div. 778, 42 N.Y.S.2d 922; Randisi v. Household Finance Corporation, 269 App.Div. 975, 58 N.Y.S.2d 406; Reich v. Railroad Employees' Personal Loan Company, 291 N.Y. 714, 52 N.E.2d 597; Ryan v. Motor Credit Co., 130 N.J.Eq. 531, 23 A.2d 607, affirmed 132 N.J.Eq. 398, 28 A.2d 181, 142 A.L.R. 640; Cotton v. Commonwealth Loan Co., 206 Ind. 626, 190 N.E. 853.

Dealing with intent in usury cases, generally: Dege v. Produce Exchange Bank of St. Paul, 212 Minn. 44, 2 N.W.2d 423; Consolidated Plan of New Jersey v. Shanholtz, 147 A. 401, 7 Misc. 876, affirmed Consolidated Plan of New Jersey v. Palkowitz, 107 N.J.L. 517, 153 A. 906.

2. It is worth mentioning that Virginia has in its Small Loan Act made an exception when it is shown that "* * * an accidental and bona fide error of computation which was not made pursuant to a regular course of dealing * * *." Code of Virginia, 1950, § 6-308.

(5) The Maryland legislature, by making no exclusionary reference to inadvertent violations, has left to the courts no power to make exceptions in cases of this kind.

(6) If inadvertence were sanctioned as a defense, the purpose of the statute could easily be thwarted because, as appellees very properly suggest, loan companies would seldom admit that their overcharges or errors were willful or intentional. Open admissions of usurious intent are among the rarest phenomena known in legal history.

(7) This situation is, from the standpoint of public policy, analogous to that in which a price-control statute authorized a consumer's action for a fixed amount against a merchant who sold an article for even a few cents more than a prescribed price schedule. In such case it was held, "Innocent non-conformity * * * is as damaging to * * * the public as guilty non-conformity," and that courts have no discretion to excuse an innocent violation or to award a suing consumer any amount less than the law authorized him to claim. Bowles v. American Stores, Inc., 78 U.S. App.D.C. 238, 139 F.2d 377. In that situation the objective was protection of the consumer against inflation; in our case the concern of the law is protection of small-loan borrowers. Remedially, the result is the same: the violator, though guilty of no wrongful purpose, knows that he must make no overcharge, at the risk of suffering the loss fixed by law.

Appellant relies on Orme v. Lendahand Co., 76 U.S.App.D.C. 49, 128 F.2d 756, 759. There the question was whether a Maryland lender could charge a notary fee to the borrower without violating the statute. Such charge was held proper because the statute permitted charges for recording and because it was shown that collection of notary fees was approved under a long established administrative practice in Maryland. The decision nowhere said that an overcharge of interest may be made with impunity. Indeed the opinion, while noting that the statute "approaches confiscatory character" in a matter unrelated to interest charges, did say that it was "apparently valid as a preventive against usurious interest * * *."

Appellant takes the position that there was no actual overcharge, and that no harm was done because the "error" was corrected. That position would perhaps have more validity if the lender, rather than the borrowers, had been the first to call attention to the excessive charges. The statute invalidates the loan contract if excessive interest is "charged, contracted for, or received." It is clear that unlawful interest charges had been entered on the company's records and on the borrowers' loan book. It is also clear that it was not until after the borrowers complained about it that the company acknowledged in writing that there had been "overcharges" and gave borrowers a new book with corrected entries. Unlike some general usury laws this statute does not require that unlawful interest be actually paid and received in order to constitute a violation.

Monroe Loan Society of Pennsylvania v. Morello, 160 Pa.Super. 418, 51 A.2d 347, cited by appellant, does not lead to a different result. That case held that a "charge" means more than a stipulation, agreement, or unilateral promise to pay; but the opinion acknowledged that debiting of an amount due or inclusion in a statement may be regarded as a charge. It is our conclusion that what the lending company did in this case amounted to a clear charging of interest within the meaning of the statute. The borrowers were required to prove no more than that.

Again citing Orme v. Lendahand Co., supra, appellant asks us to rule that the overcharges in this case were so small as to come under the de minimis doctrine. That case involved a single charge for notary's fee; but here, as appellees point out and as seems to be demonstrably true, if the rate charged went unchallenged the lender

would be in a position to collect substantially more interest than the law permits.

█ ˙ Finally, appellant says that the borrowers should not have been awarded the return of the amounts they had paid on the loan. The argument is that though the statute says that a violation renders the contract void and provides that the lender then "shall have no right to collect, or receive any principal, interest or charges whatsoever," the trial court was wrong in allowing affirmative recovery to the borrowers. This is true under some general usury statutes; but this situation is specifically governed by the Maryland Small Loan Act. When the legislature said that an offending lender was to have no right to collect or receive any principal, interest or charges, it could not have meant that he could properly retain that which he had improperly received. See our discussion of this subject in Consumers Credit Service v. Craig, supra.

Affirmed.