## Federal National Mortgage Association v. Messner, Secretary of Revenue

*H. O. Schaeffer*, for petitioner.

*Edward Friedman* and *Frank F. Truscott*, for respondent.

RICHARDS, P. J., December 19, 1957.—This is an action in mandamus, brought by plaintiff, in which it seeks to compel the recording of a deed without the affixing of realty transfer tax stamps. By the Realty Transfer Tax Act of December 27, 1951, P. L. 1742, and the various amendments and reënactments thereof, stamps are required in certain transactions: 72 PS §3283 et seq. An answer was filed to the complaint, a hearing held and a stipulation of facts filed of record. The case was then duly argued.

The facts of the case show that plaintiff is an agency of the Federal Government. It held a mortgage on a property in Uniontown, Fayette County. By proper legal process it foreclosed the mortgage and bought it in on a bid of $158.45. The sale was made on July 10, 1954. Thereafter, plaintiff tendered the deed to the recorder of Fayette County for recording, without there being affixed thereto stamps reflecting the payment of the realty transfer tax. The recorder refused to record the sheriff's deed, apparently under instructions from defendant. This action followed.

Defendant's counsel in his brief has admitted that "the plaintiff is an exempt agency of the Federal Government". He, however, strenuously contends that the sheriff should pay the tax. Before proceeding, we observe that neither the sheriff nor the recorder are parties to this action.

The Department of Revenue is charged with the duty of enforcing the act: Act of June 1, 1955, P. L. 128, sec. 7, 72 PS §3288. The same section gives it authority to promulgate rules and regulations. Pursuant to this power, it promulgated regulation 16, effective April 1, 1954, before the date of the sheriff's deed. This regulation provides that "deeds executed or delivered by or to the United States" and its agencies are not

taxable to the United States. However, under the regulation the other party to the transaction must pay the tax unless he too is exempt. Since the bill alleged that plaintiff is an agency of the United States, which the answer does not deny, and since defendant's counsel concedes that plaintiff is an exempt agency, it is abundantly clear that plaintiff is not liable for the tax. This renders it unnecessary to review certain cases where in the ultimate analysis the United States was held liable for the tax either directly or indirectly.

Defendant, however, urges that the "immunity" of plaintiff does not extend to the sheriff. With this we agree. If the sheriff is exempt, it is for another reason.

The reënacting and amending Act of June 1, 1955, P. L. 128, 72 PS §3283 et seq., added a new section 4. This reads as follows, §3285.1:

"The tax herein imposed shall be fully paid, and have priority out of the proceeds of any judicial sale of real estate before any other obligation, claim, lien, judgment, estate or costs of the sale and of the writ upon which the sale is made, and the sheriff, or other officer, conducting said sale, shall pay the tax herein imposed out of the first moneys paid to him in connection therewith."

This act became effective June 1, 1955. It applied to documents executed, etc., after May 31, 1953. The sheriff's sale here involved was held on July 10, 1954. It is abundantly clear, therefore, that it was impossible for the sheriff to collect and pay the tax.

The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §556, provides:

"No law shall be construed to be retroactive unless clearly and manifestly so *intended* by the Legislature." (Italics supplied.)

We cannot believe that the legislature intended the Act of 1955 to be retroactive in a case such as this. It could clearly be retroactive as to a deed executed by a

private individual subsequent to May 31, 1953, but not recorded until after the effective date, June 1, 1955. Section 8 of the 1955 Act applies to many transactions covered thereby and not merely to the provisions of section 4.

The sheriff here had no opportunity to collect and pay the tax, nor did he have any notice of a duty to do so. The money he received was paid for costs as then provided by law. Surely no "personal" liability exists here for him to pay it out of his own pocket. To so hold would be giving a retroactive statute the effect of disturbing existing property rights.

In Horn & Brannen Manufacturing Company v. Steelman, 215 Pa. 187, 191, it is stated:

"There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all questions as to the intention of the Legislature. . . . Retrospective laws generally if not universally work injustice, and ought to be so construed only when the mandate of the Legislature is imperative."

Likewise in Commonwealth v. Repplier Coal Co., 348 Pa. 372, it is stated:

"(A) It is well settled that a statute will not be construed as retrospective unless there is a clear legislative intention that it is to have that effect. While there is no constitutional inhibition against a statute having a retrospective operation . . . both the statute law and the courts are emphatic that it shall not have such operation unless the intention clearly and manifestly appears."

The Superior Court case of Martin v. Danko, 143 Pa. Superior Ct. 106, 112, states:

"The general rule long has been that legislation is to be construed prospectively, especially when it varies not merely remedies but existing obligations."

It is our opinion, therefore, that the Act of 1955 cannot be given a retroactive effect so far as the present case is concerned. Hence, if neither plaintiff nor the sheriff are liable for the tax, the deed should be recorded without said realty transfer tax stamps.

### Order

And now, to wit, December 19, 1957, the prayer of the complaint is granted. The Secretary of Revenue is directed to instruct the recorder of Fayette County to record the deed without the affixing of realty transfer tax stamps, upon the payment of the usual recording fees.