**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Roberto BLYE a/k/a Roberto Antonio Blye a/k/a Roberto A. Blye a/k/a Berto Blye a/k/a Berto Byle a/k/a Mouse Blye a/k/a Mouse Byle, Appellant.**

Superior Court of Pennsylvania.

Submitted April 25, 2011.
Filed Aug. 31, 2011.

---

**3.** In future proceedings, it may be beneficial for the parties to consider an open adoption as an option.

Kenneth A. Snarey, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney and Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BOWES, and MUNDY, JJ.

OPINION BY STEVENS, P.J.:

Appellant, Roberto Blye, challenges a November 2, 2005 judgment of sentence entered in the Court of Common Pleas of Allegheny County following his guilty plea to numerous crimes, including rape, statutory sexual assault, involuntary deviate sexual intercourse, corruption of minors, numerous burglaries, robbery, criminal conspiracy to commit robbery, possession of a controlled substance, and entering a building with the intent to commit a crime. We affirm.

The record reflects that Blye, represented by Attorney Patrick Thomassey, entered into a plea agreement pursuant to which he accepted a combined 10 to 20 year sentence for his multiple crimes. He signed a written guilty plea colloquy, and a plea hearing was held before the Honorable Jeffrey A. Manning on November 2, 2005, with Blye represented by Attorney Michael De Riso. After an oral colloquy was conducted, Judge Manning accepted the plea agreement, and sentenced Blye to an aggregate sentence of 10 to 20 years imprisonment, followed by a 10 year period of probation. N.T. 11/2/05 at 2–22.

After more than a year had passed, Blye filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546, on November 20, 2006. Attorney Kenneth Snarey was appointed to represent him, and an Amended

PCRA Petition was filed, requesting the reinstatement of Blye's right to file post-sentence motions and a direct appeal of his judgment of sentence. Amended PCRA Petition filed 11/13/07. Although the Commonwealth joined in Blye's request for an evidentiary hearing on these issues, Judge Manning instead simply reinstated Blye's right to file a direct appeal. Order dated 2/1/08, filed 2/5/08. Still represented by Attorney Snarey, Blye then filed a Notice of Appeal of his November 2, 2005 judgment of sentence, with an accompanying Concise Statement of Matters Complained of on Appeal. Notice and Concise Statement filed 2/25/08. On February 6, 2009, a panel of this Court remanded the matter with direction that Blye be granted the right to file post-sentence motions *nunc pro tunc*. Memorandum filed 2/6/09. Accordingly, Judge Manning reinstated Blye's right to file post-sentence motions, Order filed 2/17/09, and Attorney Snarey filed a Post–Sentence Motion of Blye's behalf, asking: "[w]hether Defendant is entitled to withdraw his pleas of guilty as they were entered due to ineffective assistance of counsel in violation of Article I, Section 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments to the United States Constitution?" Post–Sentence Motion filed 2/18/09. On May 5, 2009, Judge Manning denied Blye's post-sentence motion. Order dated 5/5/09.[1]

Although filed and docketed, the May 5, 2009 order denying Blye's Post–Sentence Motion was never served on Blye or Attor-

ney Snarey. More than a year passed with no activity. Then, on May 13, 2010, Attorney Snarey filed a Notice of Appeal of Blye's November 2, 2005 judgment of sentence.[2] Thus, by way of this circuitous route, the following allegations are before this Court for determination:

1. Whether this appeal is timely, and, if not, is Defendant entitled to reinstatement of his right to appeal his judgment of sentence as the Department of Court Records and/or Court of Common Pleas failed to serve a copy of the order denying post-sentence motions within sufficient time for him to timely file an appeal and, consequently, the conduct of said Department and/or Court violated his right to representation by counsel, of appeal, and to due process of law under Pa.R.Cr.P. 122, Article I, section 9 and Article V, Section 9 of the Pennsylvania Constitution, the Sixth and Fourteenth Amendments to the United States Constitution and/or other law?

2. Whether Defendant is entitled to withdraw his pleas of guilty as they were entered due to ineffective assistance of counsel?

Appellant's brief at 6.

■ In response to Blye's initial issue, we deem his May 13, 2010 appeal timely, in light of the court-acknowledged failure to properly serve notice of the denial of his Post–Sentence Motion. We thus turn to Blye's second allegation, which

---

1. The order bears a time stamp, which appears to indicate that it was filed on May 5, 2009. The docket sheet accompanying the certified record indicates that it was filed on May 6, 2009.

2. Attorney Snarey simultaneously filed a PCRA Petition with the Court of Common Pleas of Allegheny County, asserting that Blye was entitled to the reinstatement of the right to appeal his November 2, 2005 judgment of

sentence. PCRA petition filed 5/13/10. In response, Judge Manning acknowledged that Blye had never been served notice of the denial of his Post–Sentence Motion, and reinstated his direct appeal rights. Order filed 6/16/10. Blye filed such an appeal on June 18, 2010, but it was dismissed as duplicative of the May 13, 2010 appeal currently before us. Order filed 7/30/10.

raises allegations of the ineffectiveness of counsel.

As Blye himself acknowledges:

In light of *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), *clarified* 573 Pa. 141, 821 A.2d 1246 (2003) and the inapplicability here of the exception under *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003), *cert. denied sub nom. Bomar v. Pennsylvania*, 540 U.S. 1115 [124 S.Ct. 1053, 157 L.Ed.2d 906] (2004), this claim appears underdeveloped—not waived—for review on the merits on this direct appeal.

Appellant's brief at 31.[3] In fact, Blye's Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal requests that this Court dismiss his claims regarding his guilty plea without prejudice to his right to present them in a PCRA proceeding. Concise Statement filed 5/13/10.

Thus, in light of applicable case law, and Blye's own position on the matter, we dismiss his ineffective assistance of counsel claims without prejudice to his right to present them in a PCRA petition. As no other challenges to Blye's judgment of sentence have been raised, we affirm it.

Affirmed.

---

**3.** In *Grant*, our Supreme Court held that claims of ineffective assistance of counsel should ordinarily be reserved for collateral review. *Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). Subsequently, in *Bomar*, the Supreme Court allowed ineffective assistance claims to be litigated on direct appeal because *the defendant in that case raised them before the trial court and the trial court conducted a hearing to determine their merits*. *Bomar*, 573 Pa. at 463, 826 A.2d at 853. The scope and continuing viability of the *Bomar* "exception" is presently before the Supreme Court in *Commonwealth v. Holmes*, 606 Pa. 209, 996 A.2d 479 (Pa.2010), wherein the Court granted review of the following issues:

Whether the claims of ineffective assistance of counsel which are the exclusive subject of this *nunc pro tunc* direct appeal: (1) are reviewable on direct appeal under *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (Pa.2003); (2) should instead be deferred to collateral review under the general rule in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (Pa.2002) that defendants should wait until the collateral review phase to raise claims of ineffective assistance of counsel; or (3) should instead be deemed reviewable on direct appeal only if accompanied by a specific waiver of the right to pursue a first PCRA petition as of right. See *Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 148 n. 22 (Pa.2008) ("Prolix collateral claims should not be reviewed on post-verdict motions unless the defendant waives his right to PCRA review...."); see also *Commonwealth v. Liston*, 602 Pa. 10, 977 A.2d 1089, 1095–1101 (Castille, C.J., concurring, joined by Saylor, J., & Eakin, J.).

*Holmes*, 606 Pa. at 209, 996 A.2d at 479. *See also, Commonwealth v. Jette*, 23 A.3d 1032, 1033 fn. 2 (Pa.2011). Here, we note that Blye has specifically indicated that he does not wish to "waive his right to a first PCRA proceeding." Appellant's brief at 32.

Most recently, an *en banc* panel of this Court in *Commonwealth v. Barnett*, 25 A.3d 371 (Pa.Super.2011), acknowledged *Holmes*, but determined that "[w]ith the proviso that a defendant may waive further PCRA review in the trial court, absent further instruction from our Supreme Court, this Court, pursuant to *Wright* and *Liston*, will no longer consider ineffective assistance of counsel claims on direct appeal." *Barnett*, 25 A.3d at 377.