J. S18040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEFFERY SHIVERS, | : | No. 1616 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 1, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011085-2015

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED JULY 23, 2018**

Appellant, Jeffery Shivers, appeals from the December 1, 2016 judgment of sentence entered by the Court of Common Pleas of Allegheny County following his conviction of fleeing or attempting to elude a police officer, retail theft, resisting arrest, and two counts of recklessly endangering another person.  The trial court sentenced appellant to an aggregate of 21-42 months' incarceration.  After careful review, we affirm.

The trial court provided the following procedural and factual history:

> This is an appeal from the judgment of sentence entered on December 1, 2016 after [appellant entered a plea of] guilty to Fleeing or Attempting to Allude[sic] a Police Officer in violation of 75 Pa.C.S.A. § 3733(2)(i), (ii) and (iii); Retail Theft in violation of 18 Pa.C.S.A. § 3929(a)(1), (b)(1)(iii); Resisting Arrest in violation of 18 Pa.C.S.A. § 5104; and two counts of Recklessly Endangering Another Person in violation of 18 Pa.C.S.A. § 2705.  Pursuant

to a negotiated plea agreement [appellant] was sentenced to 21 to 42 months['] incarceration. No direct appeal was filed. On May 23, 2017 [appellant] filed a PCRA Petition alleging that counsel was ineffective in failing to file a requested direct appeal. PCRA counsel was appointed and on June 9, 2017 an Amended PCRA Petition was filed and the Commonwealth filed its Answer on June 16, 2017. On July 20, 2017 [appellant] filed a Motion for [a] Faretta/Grazier[1] Hearing and an order was entered on August 2, 2017 setting a hearing for October 18, 2017. However, on October 17, 2017 an order was entered reinstating [appellant's] appellate rights.

On October 17, 2017 [appellant] filed a Post Sentence Motion which was denied by order of October 26, 2017. [Appellant] filed a Notice of Appeal and Concise Statement of Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)] on October 31, 2017 [, and the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 18, 2018.] . . . .

. . . .

This matter arises out of [appellant's] arrest on August 23, 2015. A criminal complaint was filed on August 24, 2015 charging [appellant] as set forth above and, in addition, 11 summary motor vehicle code violations. On December 1, 2016 [appellant] appeared with counsel and entered into a negotiated plea agreement. Prior to the plea, the [trial c]ourt considered [appellant's] Rule 600 Motion. In his motion, filed on November 9, 2016, [appellant] alleged that he was arrested on August 23, 2015 and was currently incarcerated. He further alleged that on September 19, 2016, October 3, 2016 and October 28, 2016 he requested his counsel to file a Rule 600 Motion, but that counsel had not responded. [Appellant] further alleged that there were no continuances granted on his behalf or with

---

[1] **See Faretta v. California**, 422 U.S. 806 (1975); **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

his knowledge on his behalf and that Rule 600 had been violated because he had not been brought to trial on or before August 23, 2016. . . .

. . . .

The plea agreement that was offered provided that in exchange for [appellant's] guilty plea to Counts 1 through 5 of the Criminal Information the Commonwealth agreed to withdraw all remaining charges and in exchange [appellant] would be sentenced to a period of incarceration of 21 to 42 months, which was in the mitigated range for a sentence on the charge of fleeing and eluding. . . .

. . . .

In addition, [appellant] indicated that he was satisfied with his attorney's advice and representation. [Appellant's] plea was accepted and he was sentenced to 21 to 42 months in conjunction with the plea agreement.

Trial court opinion, 1/18/18 at 1-4 (citations to record omitted).

Appellant raises the following issues for our review:

1. Whether all charges should have been dismissed pursuant to Pa.R.Cr.P. 600 where more than 365 days passed during the period of August 23, 2015 to November 9, 2016 during which the Commonwealth failed to exercise due diligence in bringing [appellant] to trial and the period during which [appellant] was represented by Attorney Foreman is not excludable as the [trial court] found, implicitly by granting [appellant's] July 14, 2016 Motion, Attorney Foreman was ineffective?

2. Whether [appellant's] guilty plea was involuntary and resulted from ineffective assistance of counsel—in violation of Article I, Section 9 of the Pennsylvania Constitution and/or Sixth and Fourteenth Amendments to

> the United States Constitution—where he was led to believe by plea counsel that a speedy trial claim would not be waived by the guilty plea but, if [appellant] knew his guilty plea would waive a speedy trial claim, [appellant] would not have pled guilty and, instead, would have proceeded to trial?

Appellant's brief at 4.

In his first issue for our review, appellant avers that the Commonwealth violated his constitutional right to a speedy trial pursuant to Pennsylvania Rule of Criminal Procedure 600. Our review of the record reflects that appellant filed a **pro se** Rule 600 motion on November 17, 2016. At the time appellant filed his **pro se** motion, however, he was represented by Randall H. McKinney, Esq., who was appointed by the trial court on September 7, 2016.

Appellant did not have the right to file his **pro se** motion because he was represented by counsel. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007), **appeal denied**, 936 A.2d 40 (Pa. 2007), citing **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993). "This means that his **pro se** [] motion was a nullity, having no legal effect. **Nischan**, 928 A.2d at 355, citing **Commonwealth v. Piscanio**, 608 A.2d 1027, 1029 n.3 (Pa. 1992).

Indeed, as the **Ellis** court cited,

> A defendant has the constitutional right to proceed without counsel if the decision to do so is knowing and voluntary. **Faretta v. California**, 422 U.S. 806 (1975), **accord**, **Commonwealth v. Davis**, 388

> A.2d 324 (Pa. 1978). In **Commonwealth v. Williams**, 410 A.2d 880 (Pa.Super. 1979), the court held that the same constitutional right [to represent oneself] does not apply to a defendant represented by an attorney who wishes to act as co-counsel and that the decision as to whether that is to be allowed is in the sound discretion of the trial court.

**Ellis**, 626 A.2d at 1139, quoting **Commonwealth v. Colson**, 490 A.2d 811, 821 (Pa. 1985). In order for a defendant to act as his own counsel, he or she is required to terminate the representation of counsel and then proceed on his or her own behalf pursuant to the rules of criminal procedure. **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998), citing **Ellis**, 626 A.2d at 1141, **Faretta**, 422 U.S. 806.

Here, because appellant's **pro se** Rule 600 motion is a legal nullity, we find the issue waived on appeal. Also, by pleading guilty, appellant waives any challenge under Rule 600. **See Commonwealth v. Barbaro**, 94 A.3d 389, 391 n.2 (Pa.Super. 2014) ("When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." (citation omitted)).

In his second issue, appellant contends that his guilty plea was not voluntary as the result of ineffective assistance of counsel.

As a general rule, claims of ineffective assistance of counsel are deferred to collateral review. **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). The rule promulgated by **Grant**, however, was not absolute. Indeed, in **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003), our

supreme court recognized an exception to the **Grant** court's general rule. In **Bomar**, our supreme court held that an ineffective assistance of counsel claim may be raised on direct appeal in cases where the trial court has had an opportunity to address those claims. **Id.** at 854. In **Commonwealth v. Holmes**, 79 A.3d 562, 580 (Pa. 2013), our supreme court held that a court may agree to a review of ineffective assistance of counsel claims on direct review with a showing of good cause and a full colloquy addressing waiver of collateral review.

Here, in its Rule 1925(a) opinion, the trial court declines to address appellant's ineffective assistance of counsel claims, stating that such claims should be raised on collateral review instead of on a direct appeal. Further, there is no indication that appellant wishes to waive collateral review by the trial court. Because the trial court did not directly address appellant's ineffective assistance of counsel claim on direct review and appellant did not explicitly waive his right to collateral review by the trial court, we dismiss appellant's claims pertaining to his guilty plea "without prejudice to his right to present them in a [collateral] proceeding." **Commonwealth v. Blye**, 33 A.3d 9, 11 (Pa.Super. 2011).

Judgment of sentence affirmed.

J. S18040/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/23/2018