J. S51045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
                  v.                      :
                                                  :
HAKEEM BRYANT,                   :            No. 2867 EDA 2017
                                                  :
               Appellant          :

Appeal from the Judgment of Sentence, August 30, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005374-2015

BEFORE: DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 19, 2018**

Hakeem Bryant appeals from the August 30, 2017 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of unlawful contact with a minor, statutory sexual assault, sexual assault, endangering the welfare of a child, corruption of minors, indecent exposure, indecent assault, rape of a child, and involuntary deviate sexual intercourse.[1] We affirm appellant's conviction, vacate the determination of sexually violent predator ("SVP"), and remand to the trial court to determine whether any registration requirements exist.

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 3211.1(b), 3124.1, 4304(a)(1), 6301(a)(1)(ii), 3127(a), 3126(a)(7), 3121(c), and 3123(b), respectively. The trial court sentenced appellant to an aggregate sentence of 9-18 years' imprisonment to be followed by 7 years' probation. Appellant does not challenge the discretionary aspects of his sentence.

The trial court summarized the procedural history of this case as follows:

> On May 7, 2015 [a]ppellant was arrested and charged with Rape of a Child and related offenses. On January 10, 2017, following a waiver trial before [the trial court], appellant was found guilty of these charges. On August 30, 2017 by stipulation of counsel for the Commonwealth and [a]ppellant, [the trial court] determined that [a]ppellant was a Sexualy Viol[ent] Predator []. Thereafter, [a]ppellant was sentenced to a lengthy term of incarceration followed by several years of state supervised sex offender probation. Appellant was designated a Tier III lifetime registrant.

Trial court opinion, 4/17/18 at 1.

Appellant filed a **_pro se_** notice of appeal to this court on September 5, 2017, despite the fact that he was still represented by counsel. On September 6, 2017, appellant's counsel filed a motion to reconsider sentence; and on September 8, 2017, appellant's counsel filed a motion for judgment of acquittal. The trial court denied appellant's motion to reconsider sentence on October 27, 2017.

On December 4, 2017, this court entered a rule to show cause order, directing appellant to show cause why his appeal should not be considered interlocutory because the trial court had not entered an order pertaining to the counseled post-sentence motions filed on September 8, 2017. Additionally, appellant filed his notice of appeal prior to the expiration of the 120-day period in which the trial court may, by rule, review a post-sentence motion. Prior to the expiration of the 10-day period required by this court

for a response to the rule, on December 6, 2017, the trial court issued an order directing appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's trial counsel filed a motion to withdraw, which the trial court granted on December 20, 2017. The trial court continued the case until appellate counsel was appointed to represent appellant on December 21, 2017. The trial court issued a "corrected" Rule 1925(b) order on January 16, 2018, following the appointment of appellate counsel for appellant. On January 29, 2018, appellant's counsel responded to this court's rule to show cause order stating that appellant's appeal was interlocutory and should be quashed so the trial court could rule on appellant's September 8, 2017 post-sentence motion. That same day, appellant's counsel requested that the trial court rescind its January 16, 2018 Rule 1925(b) order based on his response to this court's rule to show cause order and because appellant's counsel had yet to receive the sentencing hearing transcript. On February 15, 2018, the trial court issued a third Rule 1925(b) order, with which appellant timely complied on March 12, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 17, 2018.

On April 20, 2018, this court discharged the rule to show cause order, referring the issue of appealability to this panel. Accordingly, we shall first determine whether appellant's appeal should be quashed as interlocutory.

First, appellant's appeal should not be quashed because the September 8, 2017 post-sentence motion was not filed with leave of the trial court. The Pennsylvania Rules of Criminal Procedure mandate that all requests for relief be "consolidated in the post-sentence motion." Pa.R.Crim.P. 720(B)(1)(a). A defendant may file a supplemental post-sentence motion at the judge's discretion. Pa.R.Crim.P. 720(B)(1)(b). There is nothing of record to indicate that the trial court granted appellant leave to file a supplemental post-sentence motion, and there is no order of record disposing of appellant's September 8, 2017 post-sentence motion for judgment of acquittal. Second, the September 8, 2017 post-sentence motion raises claims of ineffective assistance of counsel. Such claims are generally not considered on direct appeal and are reserved for collateral relief. *Commonwealth v. Blye*, 33 A.3d 9, 11 (Pa.Super. 2011). Therefore, appellant's appeal should not be quashed as interlocutory.

We shall now address the effect of appellant's *pro se* notice of appeal. In *Commonwealth v. Cooper*, 27 A.3d 994 (Pa. 2011), the defendant filed a "snap" *pro se* notice of appeal, despite being represented by counsel. *Id.* at 995. Thereafter, the defendant's counsel filed a timely post-sentence motion which was ultimately denied by the trial court. *Id.* Our supreme court held that the *pro se* notice of appeal should be treated as a premature appeal as if it had been filed after denial of the post-sentence motion in accordance with Pa.R.A.P. 905(a)(5)." *Id.*

In light of our supreme court's holding in **Cooper**, we find that we have all the necessary material before us to reach a decision in appellant's appeal on the merits and need not quash appellant's appeal, despite appellant's premature filing of a notice of appeal. Appellant's sole issue on appeal was raised in his Rule 1925(b) statement, and the trial court discusses the issue in its Rule 1925(a) opinion. Additionally, both parties have briefed the issue before us. Appellant's sole issue on appeal is as follows: "must appellant's designation as an SVP be vacated because it constitutes an illegal and unconstitutional sentence?" (Appellant's brief at 3 (full capitalization omitted).)

Preliminarily, we note that appellant's challenge to the legality of his sentence is non-waivable. **Commonwealth v. Butler**, 173 A.3d 1212, 1214 (Pa.Super. 2017) (citations omitted). In this appeal, appellant contends that pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (OAJC), **cert. denied sub nom. Pennsylvania v. Muniz**, 138 S.Ct. 925 (2018), application of the registration requirements in SORNA[2] constitute additional criminal punishment, and that the factors governing whether an individual is deemed an SVP must be determined by a fact-finder beyond a reasonable doubt. (Appellant's brief at 9.)

---

[2] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41.

Prior to appellant's sentencing, our supreme court held that SORNA's registration requirements constitute criminal punishment, as opposed to a mere civil penalty. *Muniz*, 164 A.3d at 1192. Thereafter, in *Butler*, this court concluded that because *Muniz* held that SORNA's registration requirements are punitive and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirements to SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP. *Butler*, 173 A.3d at 1217-1218, citing *Alleyne v. United States*, 570 U.S. 99 (2013). We further found 42 Pa.C.S.A. § 9799.24(e)(3) unconstitutional and directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. *Butler* 173 A.3d at 1218. As such, we reversed the order designating the defendant as an SVP and remanded to the trial court for the sole purpose of issuing appropriate notice of the defendant's tier-based registration period. *Id.*

In the case before us, the trial court accepted a stipulation from appellant and the Commonwealth that appellant was an SVP. A stipulation from the defense of facts that must be found beyond a reasonable doubt by the fact-finder does not provide a remedy to the unconstitutionality of 42 Pa.C.S.A. § 9799.24(e)(3). Indeed, as noted above, a trial court may

only apply a tier-based registration period based on a defendant's conviction. *See Butler*, 173 A.3d at 1218. Despite the stipulation that appellant is an SVP, the trial court did not have a constitutional method by which it could adjudicate appellant as such.

Accordingly, in light of *Muniz* and *Butler*, we find that appellant's SVP designation constitutes an illegal sentence. Therefore, we affirm appellant's conviction, vacate that portion of appellant's sentence finding appellant to be an SVP, and remand to the trial court to determine whether any registration requirements exist.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/18