J-S81033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MENA SAMIR DOUS | : | |
| | : | |
| Appellant | : | No. 1543 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 3, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004131-2017

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 16, 2019**

Appellant Mena Samir Dous appeals *pro se* from the Judgment of Sentence entered in the Court of Common Pleas of Lancaster County on May 3, 2018, following a jury trial. We affirm.

The trial court set forth the relevant facts and procedural background herein as follows:

> [Appellant] was charged with two (2) counts of Investigation/Records,[1] one (1) count of Personal Income Tax Violation,[2] and six (6) summary violations.[3] On May 2, 2018, a jury trial commenced against [Appellant] before the court. [Appellant] represented himself *pro se,* with Dennis C. Dougherty, Esquire, appointed as [Appellant's] standby counsel. On May 3, 2018, the jury found [Appellant] guilty of Personal Income Tax Violation. That day, a separate hearing was held on the summary branch lot violations before the court, and [Appellant] was found guilty of the six (6) summary offenses. Following his convictions, and after being advised by the court of his right to request a presentence investigation, [Appellant] waived his right thereto and stood for sentencing immediately. The court sentenced [Appellant] on Count 3 to two (2) years' probation and a

---

* Former Justice specially assigned to the Superior Court.

$2,500.00 fine, plus a $1,000.00 fine on each of the summary offenses.

On May 11, 2018, [Appellant], by and through his court-appointed standby attorney, filed a Post-Sentence Motion to Set Aside the Jury Verdict, and in the alternative, a Motion to Suspend Sentence Pending Appeal. On May 11, 2018, the court issued a rule upon the Commonwealth to show cause why [Appellant] is not entitled to the relief requested. On June 7, 2018, the Commonwealth filed an Answer to [Appellant's] Post-Sentence Motion. On August 27, 2018, the court filed an Opinion denying [Appellant's] Post-Sentence Motion. On September 6, 2018, [Appellant] filed a *pro se* Notice of Appeal to the Superior Court of Pennsylvania. [Appellant's] Notice of Appeal indicated that he was unsatisfied with the outcomes of the trial and with the "redundancy of the summary offense [he] was charged with."

_____

[1] 75 Pa. C.S.A. § 6308(d), each a misdemeanor of the second degree.
[2] 72 Pa. C.S.A. § 7553(d), an ungraded misdemeanor.
[3] The summary violations included: two counts of Being Unlicensed Dealer, Salesperson, Etc., 63 Pa. C.S.A. § 818.19(27); two counts of False or Deceptive Advertising of Vehicles, 63 Pa. C.S.A. § 818.19(6); and two counts of Engaging in Unprofessional Conduct/Incompetency, 63 Pa. C.S.A. § 818.19(7).

Trial Court Opinion, filed 9/19/18, at 1-2.

The trial court indicated that because Appellant had stated sufficiently the two issues he wished to pursue on appeal, it did not file an order pursuant to Pa.R.A.P. 1925(b). *Id*. at 2.[1] The trial court filed its Rule 1925(a) Opinion

_____

[1] In his Notice of Appeal filed on September 17, 2018, Appellant states:

AND NOW THIS 17th day of September before the court is the notice of appeal in the above matter. I the *Pro Se* [Appellant] am unsatisfied with the outcome of this trial on the grounds that the prosecution failed to prove that the alleged personal tax

on September 19, 2018, wherein it determined that any challenge to the weight of the evidence to sustain Appellant's convictions was without merit and to the extent that Appellant challenged the legality of his sentence, this claim also was meritless. Trial Court Opinion, filed 9/19/18, at 2-4. In doing so, the court acknowledged that a challenge to the legality of one's sentence cannot be waived and that statutory authority must exist for the sentence. *Id*. at 3 (citations omitted). The trial court stressed that despite Appellant's dissatisfaction with what he believed to be convictions for "redundant summary offenses," each of Appellant's summary convictions arose from separate criminal acts and contain different statutory elements that were proven beyond a reasonable doubt at trial. *Id*. at 3-4.

Prior to reaching the merits of Appellant's appeal, we observe that Appellant's *pro se* brief filed on October 23, 2018, contains substantial defects. Indeed, the brief fails to comply with nearly every requirement in Pa.R.A.P. 2111(a)(1)-(12) as it reads as a seven page narrative rather than an appellate brief. The document does not contain any comprehensible factual background, procedural history, statement of the questions involved, citation to authority, legal argument or analysis. Pennsylvania Rule of Appellate Procedure 2101

---

evasion charge was indeed a willful act. I am also unsatisfied with the redundancy of the summary offenses I was charged with. I respectfully disagree with the court's decision, and request an appeal in superior court.

allows this Court to quash or dismiss an appeal if the appellate brief contains substantial defects. Pa.R.A.P. 2101.

Appellant attempts to correct these defects in his "Reply Brief to the Commonwealth" filed on December 7, 2018. Therein, Appellant presents what he terms the "Counter-Statement of Question Presented" as follows:

> Should the Honorable Court find that the Commonwealth failed to prove that [Appellant] willfully attempted to avoid paying taxes and overturn the [t]rial [c]ourt's decision?
>
> Should the Honorable Court find that the summary offenses against [Appellant] are redundant, harsh, and frankly illegal, warranting them to be dismissible?
>
> Should the Honorable Court find that the [j]ury was influenced by Judge Miller's premature accusation and preconceived notions of guilt thus making the [t]rial [j]ury's decision invalid?

Appellant's Reply Brief to the Commonwealth at 2.

Notwithstanding his attempt to clarify the issues he wishes to present in this supplemental filing, Appellant's Reply Brief is essentially a challenge to the Commonwealth's statements concerning his initial briefing deficiencies. The three pages of text contained therein are arranged into subparts labeled **"A.**, **B.**, **D.**, and **E.**, which fail to correspond to his "Counter-Statement of Question Presented." ***See*** Reply Brief to the Commonwealth at 3-5. In Subsection **A.**, Appellant briefly addresses what he deems to be the definition of "Fact," and he follows this discussion with Subsection **B.** wherein he raises claims of trial counsel's ineffectiveness and asks this Court to ignore his initial

briefing deficiencies.[2] The sole legal citation he provides in support of any issue is **Commonwealth v. Hubbard** 472 Pa. 259, 372 A.2d 687 (1977) which held claims related to counsel's ineffectiveness must be raised at the earliest stage of the proceedings.

While we acknowledge that Appellant is proceeding *pro se* and we will construe his brief liberally, he is not entitled to special deference as a *pro se* litigant as this Court has held that "[a]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

_____

[2] As a general rule, claims of ineffective assistance of counsel are deferred to collateral review. **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726, 738 (2002). The rule promulgated by **Grant**, however, was not absolute, and in **Commonwealth v. Bomar**, 573 Pa. 426, 826 A.2d 831 (2003), the Pennsylvania Supreme Court recognized an exception to the **Grant** Court's general rule. In **Bomar**, our Supreme Court held that an ineffective assistance of counsel claim may be raised on direct appeal in cases where the trial court has had an opportunity to address those claims. **Id.** 464, 826 A.2d at 854. In **Commonwealth v. Holmes**, 621 Pa. 595, 626, 79 A.3d 562, 580 (2013), our Supreme Court held that a court may agree to a review of ineffective assistance of counsel claims on direct review with a showing of good cause and a full colloquy addressing waiver of collateral review.

Herein, the trial court did not address Appellant's ineffective assistance of counsel claims in its Rule 1925(a) Opinion, as no such argument had been raised before it. Further, there is no indication that Appellant wishes to waive collateral review by the trial court. Because the trial court did not directly address Appellant's ineffective assistance of counsel claim on direct review and Appellant did not explicitly waive his right to collateral review by the trial court, we dismiss Appellant's claims pertaining to his guilty plea "without prejudice to his right to present them in a [collateral] proceeding." **Commonwealth v. Blye**, 33 A.3d 9, 11 (Pa.Super. 2011).

***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa.Super. 2006).

Moreover,

> [w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. We will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***In re R.D.***, 44 A.3d 657, 674 (Pa.Super. 2012) (citations omitted).

Upon review, we find no coherent legal discussion and cannot decipher the issues that Appellant is asking this Court to review in his "Brief to the Superior Court of Pennsylvania" or in Subparts **A.**, **B.**, or **E.** of his "Reply Brief to the Commonwealth." To the extent Appellant attempts to raise a challenge to the legality of his sentence in Subpart **D.** of the latter, ***See*** Reply Brief at 4, his argument therein pertains to the sufficiency of the evidence to sustain his convictions and urges this Court to "consider the harshness of the fine for offenses that affected no victims or harm to anyone, and presented no threat to justice whatsoever." Reply Brief at 4-5.

As the trial court noted, Appellant testified inconsistently at trial in his own defense, and the jury was free to believe all, part, or none of the evidence when evaluating his credibility, including this testimony and a recorded interview wherein Appellant admitted, *inter alia*, to understanding the process by which he was required to report income. Trial Court Opinion, filed 8/27/18,

at 5. Moreover, in addressing Appellant's claim he was "unsatisfied with the redundancy of the summary offenses" with which he had been charged, the trial court reasoned as follows:

> As indicated *supra*, [Appellant] was convicted of the following summary offenses: two counts of Being Unlicensed Dealer, Salesperson, Etc., two counts of False or Deceptive Advertising of Vehicles, and two counts of Engaging in Unprofessional Conduct/Incompetency. 42 Pa.C.S.A. § 9765 establishes that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." However, in the instant case, each of these summary offenses for which [Appellant] was convicted arise from separate criminal acts and have different statutory elements which were proven beyond a reasonable doubt. As such, the court did [not] impose upon [Appellant] an illegal sentence, and the court is unmoved by the fact that [Appellant] is unsatisfied with what he mistakenly believes to be redundant summary offenses.

Trial Court Opinion, filed 9/19/18, at 3-4.

Following our review of the record, we agree and find no merit to Appellant's purported challenge to the legality of his sentence. Appellant initially was charged in a Criminal Complaint with a total of 104, separate counts: one count of 18 Pa.C.S.A. § 4107(a)(5), Deceptive or fraudulent business practices; one count of the Tax Reform Code of 1971, 72 P.S. §§ 7101-10004, 72 Pa.C.S.A. § 7353(d), for failure to pay personal income taxes; two counts of 75 Pa.C.S.A. § 6308(d), Investigation by police officers; twenty-seven counts of 63 Pa.C.S.A. § 818.19(28) Any Violation of the Regulations Promulgated by the Board; twenty-six counts of 63 Pa.C.S.A. 818.19(6) False,

deceptive advertising of vehicles, and; forty-nine counts of 63 Pa.C.S.A. § 818.19(7), Engaging in unprofessional conduct/incompetency.

Following his convictions of the aforementioned three charges set forth in the Amended Information and of the six summary violations, Appellant received a two (2) year probation sentence and was fined $1,000.00 for each of the summary offenses. Each summary offense was based upon separate criminal acts which occurred between August 13, 2015, and April 22, 2016, required separate criminal elements and was proven beyond a reasonable doubt as is required by 42 Pa.C.S.A. § 9765 (stating "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense."). Indeed, Appellant provides no evidentiary support for his bald claim to the contrary that the charges were "redundant," nor does he point to a specific manner in which Appellant's sentence exceeds a statutory limit or should have merged for purposes of sentencing. Thus, any challenge to the legality of Appellant's sentence is meritless.

As a result of Appellant's failure to raise properly and develop any other argument, he has precluded any meaningful judicial review of this appeal. Thus, we must find Appellant's remaining issues to be waived and dismiss this appeal.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019